

FILED by VT D.C.

ELECTRONIC

**March 9, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

JOEL D. LUCOFF,

**09-CV-60363-Altonaga-Brown**

    Plaintiff,

v.

FIRST FINANCIAL ASSET
MANAGEMENT, INC., and
FFPM CARMEL HOLDINGS 1, LLC,

    Defendants.

_____/

## COMPLAINT
### JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, FIRST FINANCIAL ASSET MANAGEMENT, INC., placed telephone calls and sent letters into this District on behalf of Defendant, FFPM CARMEL HOLDINGS 1, LLC.

## PARTIES

3. Plaintiff, JOEL D. LUCOFF, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, FIRST FINANCIAL ASSET MANAGEMENT, INC., ("FIRST FINANCIAL")is a believed to be a corporation with its principal place of business at Suite 1700, 230 Peachtree Street, Atlanta, Georgia 30303.

5. Defendant, FFPM CARMEL HOLDINGS 1, LLC, ("CARMEL") is believed to be a limited liability corporation with its registered agent Corporation Service Company located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

## FACTUAL ALLEGATIONS

6. Defendant FIRST FINANCIAL, sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

7. The original creditor of the alleged debt was HSBC Card Services, Inc.

8. After the alleged debt went into default, HSBC Card Services, Inc. sold the alleged debt.

9. Defendant, CARMEL, purchased the alleged debt from HSBC Card Services, Inc. or a subsequent holder.

2

10. Defendant, CARMEL, assigned the debt for collection to other debt collectors including but not limited to, Defendant, FIRST FINANCIAL, who in turn sought to collect the alleged debt from Plaintiff.

11. Defendant, FIRST FINANCIAL, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

12. Defendant, CARMEL, regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

13. Defendant, FIRST FINANCIAL, regularly collects or attempts to collect debts for other parties.

14. Defendant, FIRST FINANCIAL, is a "debt collector" as defined in the FDCPA.

15. Defendant, CARMEL, is a "debt collector" as defined in the FDCPA.

16. At all times material to the allegations of this complaint, Defendant, FIRST FINANCIAL, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

17. At all times material to the allegations of this complaint, Defendant, CARMEL, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

18. Defendant, CARMEL, authorized other debt collectors including but not limited to Defendant, FIRST FINANCIAL, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

19. Other debt collectors including but not limited to Defendant, FIRST FINANCIAL, sent letters and placed telephone calls to Plaintiff in an effort to collect the alleged debt on behalf of CARMEL.

20. Defendant, CARMEL, conveyed information to Plaintiff regarding the alleged debt through Defendant, FIRST FINANCIAL'S letters and telephone calls to Plaintiff.

21. By virtue of its status as a debt collector, CARMEL, is vicariously liable to Plaintiff for FIRST FINANCIAL'S violations of the FDCPA. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

22. Defendant, FIRST FINANCIAL, left the following messages on Plaintiff's voice mail on or about the dates stated:

> November 27, 2007 – Cellular Phone
> 4819. Thank you. Hello. This is a very important message for Joel D. Lucoff. This is not a sales or marketing phone call. This is a very important message concerning business you are currently conducting. Press the 5 key to connect with a representative or please call us back at 1-800-748-4819. Thank you.
>
> December 3,5,9, 2007 – Cellular Phone

4

Hello Joel. This is Ms. Smith. I need a return call today. The number is toll free 866-374-0659. 866-374-0659, extension 1594.

December 7, 2007 and January 17,28, 2008 – Cellular Phone
66-374-0659 between the hours of 8 AM and 9 PM Eastern time.

December 9, 2007, 8:47 PM – Cellular Phone
Hello. This is an important message for Joel Lucoff. This is not a sales or marketing call. This is a very important message concerning business you are currently conducting. Please call us back at 800-748-4819. Our hours of operation are Monday through Friday 8 AM to 9 PM, Saturday 8 AM to 12 PM Eastern time.

December 19, 2007 – Cellular Phone
Joel Lucoff. Please return the call to 866-374-0659 between the hours of 8 AM and 9 PM Eastern time.

December 26, 2007 – Cellular Phone
Hello. This is a message for Joel D. Lucoff. This is not a sales or marketing phone call. To retrieve your message, please call us back at 866-374-0659. Thank you.

December 27,28,30, 2007 and January 7,10,13,20,22,24,27, 2008 – Cellular Phone
to this message, you acknowledge that you are Joel D. Lucoff. This is First Financial Asset Management. This call is regarding an important business matter. Please press the 9 key to speak with a representative or call us back at 1-800-748-4819. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Hello. This is a message for Joel D. Lucoff. If you are not Joel D. Lucoff, please hang up or disconnect. If you are Joel D. Lucoff, please continue to listen to this message. There will now be a 3 second pause in this message. By continuing to listen to this message, you acknowledge that you Joel D. Lucoff. This is First Financial Asset Management. This call is regarding an important business matter. Please press the 9 key to speak with a representative or call us back at 1-800-748-4819. This is an attempt to collect a debt and any information obtained will be used for that purpose. Thank you.

<u>January 10,11,15, 2008 – Cellular Phone</u>
866-374-0659 between the hours of 8 AM and 9 PM Eastern time.

<u>January 16, 2008 – Cellular Phone</u>
return the call to 866-374-0659 between the hours of 8 AM and 9 PM Eastern time.

<u>January 23, 2008 – Cellular Phone</u>
370-1759 between the hours of 8 AM and 9 PM Eastern time.

<u>February 27, 2008 – Home Phone</u>
a very important message for Joel Lucoff. Please return the call to 866-374-0659 between the hours of 8 AM and 9 PM Eastern time.

<u>February 29, 2008  – Home Phone</u>
Hello. This is a message for Joel D. Lucoff. If you are not Joel D. Lucoff, please hang up or disconnect. If you are Joel D. Lucoff, please continue to listen to this message. There will now be a 3 second pause in this message. By continuing to listen to this message, you acknowledge that you Joel D. Lucoff. This is First Financial Asset Management. This call is regarding an important business matter. Please call us back at 1-800-748-4819. This is an attempt to collect a debt and any information obtained will be used for that purpose. Thank you.

<u>March 3,4, 2008 – Home Phone</u>
Hello. This is a message for Joel D. Lucoff. If you are not Joel D. Lucoff, please hang up or disconnect. If you are Joel D. Lucoff, please continue to listen to this message. There will now be a 3 second pause in this message. By continuing to listen to this message, you acknowledge that you Joel D. Lucoff. This is First Financial Asset Management. This call is regarding an important business matter. Please call us back at 866-374-0659. This is an attempt to collect a debt and any information obtained will be used for that purpose. Thank you.

<u>March 4, 2008 – Home Phone</u>
This message is being left for Joel D. Lucoff. Return the call 866-374-0659, extension 1593.

<u>March 5,7, 2008 – Home Phone</u>
A very important message for Joel Lucoff. Please return the call to 866-374-

6

0659 between the hours of 8 AM and 9 PM Eastern time.

March 6, 2008 – Home Phone
Important message for Joel Lucoff. Please return the call to 866-374-0659 between the hours of 8 AM and 9 PM Eastern time.

March 16, 2008 – Home Phone
Hello. This is a message for Joel D. Lucoff. This is not a sales or marketing phone call. To retrieve your message please call us back at 866-867-0344. Thank you.

23. Defendant, FIRST FINANCIAL, left similar or identical messages for Plaintiff on other occasions within one-year of the filing of this complaint. (Collectively, "the telephone messages").

24. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

25. Defendant, FIRST FINANCIAL, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of its messages.

26. Defendant, FIRST FINANCIAL, knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

27. On information and belief, Defendant, FIRST FINANCIAL, and other debt collectors acting on behalf of Defendant, CARMEL, used an automatic

7

telephone dialing system or an artificial or pre-recorded voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of the filing of this complaint without Plaintiff's express consent.

28. Defendant, FIRST FINANCIAL, willfully or knowingly violated the regulations of the TCPA.

29. As assignee of HSBC Card Services, Inc., Defendant, CARMEL, is liable to Plaintiff for FIRST FINANCIAL'S, and any of CARMEL'S other debt collector agents, violation of the TCPA and its regulations. See paragraph 10, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2008 WL 65485, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877 (F.C.C. Jan 04, 2008).

30. None of the telephone calls to Plaintiff were placed for "emergency purposes" as defined in the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

31. Plaintiff incorporates Paragraphs 1 through 30.

32. Defendant, FIRST FINANCIAL, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

33. Plaintiff incorporates Paragraphs 1 through 30.

34. Defendant, FIRST FINANCIAL, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of its communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III

## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

35. Plaintiff incorporates Paragraphs 1 through 30.

36. Defendant, FIRST FINANCIAL, asserted the right to collect a debt by leaving repeated telephone messages for Plaintiff without disclosing that it is a debt collector, or the purpose of its communications, and by using an automatic telephone dialing system or an artificial or pre-recorded voice to place calls to a cellular telephone service without prior express consent, all done when FIRST FINANCIAL knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, FIRST FINANCIAL, for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

37. Plaintiff incorporates Paragraphs 1 through 30.

38. By failing to disclose that it is a debt collector, and the purpose of its communication, and by using an automatic telephone dialing system or an artificial or pre-recorded voice to place calls to a cellular telephone service without prior

express consent, Defendant, FIRST FINANCIAL, willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, FIRST FINANCIAL, for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

39. Plaintiff incorporates Paragraphs 1 through 30.

40. Defendant, FIRST FINANCIAL, and other debt collectors acting on behalf of Defendant, CARMEL, placed telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or pre-recorded voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

41. As assignee of HSBC Card Services, Inc., Defendant, CARMEL, is liable to Plaintiff for FIRST FINANCIAL'S, or any of CARMEL'S other debt collector agents, violation of the TCPA and its regulations. See paragraph 10, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2008 WL 65485, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877 (F.C.C. Jan 04, 2008).

11

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Such other or further relief as the Court deems proper.

## COUNT VI
## DECLARATORY AND INJUNCTIVE RELIEF

42.    Plaintiff incorporates Paragraphs 1 through 30.

43.    Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks injunctive relief.

44.    Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendant, FIRST FINANCIAL, from placing telephone calls to the cellular telephone of any person by the use of an automatic telephone dialing system or an artificial or pre-recorded voice without that person's prior express consent in violation of the TCPA.

45.    Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendant, CARMEL, from placing telephone calls to the cellular telephone of any person by the use of an automatic telephone dialing system or an artificial or pre-recorded voice without that person's prior express consent through both its own calls or calls placed by its agent debt collectors, in violation of the TCPA.

46. Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a declaration that Defendants practices violate the TCPA.

47. Pursuant to the FCCPA, Plaintiff seeks a declaration that Defendant, FIRST FINANCIAL'S practices violate the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a. permanently injoining Defendants from engaging in the violative practices;

    b. declaring that Defendant's practices violate the TCPA and FCCPA; and

    b. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this  9  day of March, 2009.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By:_____
> Donald A. Yarbrough, Esq.
> Florida Bar No. 0158658

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Joel D. Lucoff

**DEFENDANTS**

First Financial Asset Management, Inc. and
FFPM Carmel Holdings I, LLC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

0:09cv60363-Altonaga-Brown

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __1-2__ days estimated (for both sides) to try entire case    15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Pers. Injury-Med Malpractice | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury-Prod. Liability | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending B | | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personnel Property Damage | ☐ 630 Liquor Laws | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 640 R.R. & Truck | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 650 Airline Regs | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 660 Occupational Safety/Health | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 690 Other | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 530 General* | **B SOCIAL SECURITY** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | ☐ 862 Black Lung (923) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | ☐ 864 SSID Title XVI | |
| | | **A LABOR** | ☐ 865 RSI (405(g)) | |
| | | ☐ 710 Fair Labor Standards Act | **A FEDERAL TAX SUITS** | |
| | | ☐ 720 Labor Management Relations B | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 871 IRS-Third Party 26b USC 7609 | |
| | | ☐ 740 Railway Labor Act | | |
| | | ☐ 790 Other Labor Litigation | | |
| | | ☐ 791 Employee Ret. Inc. Security Act B | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
☒ 1. Original Proceeding   ☐ 2 Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Refiled   ☐ 5. Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A ☐ UNDER F.R.C.P.23   CLASS ACTION No   DEMAND $ N/A   ☐ Check YES only if demanded in complaint   JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: March __, 2009   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2 REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 345671   Amount: 360ºº
Date Paid: _____   M/ifp: _____